USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/9/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael J. Lee, et al.,

        Plaintiffs,

-against-

Department of Corrections, et al.,

        Defendants.

1:20-cv-08407 (GBD) (SDA)

**ORDER TO AMEND**

**STEWART D. AARON, United States Magistrate Judge:**

  Plaintiff, currently detained at the Vernon C. Bain Center ("VCBC"),[1] brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants are violating his federal constitutional rights by not providing him with the means to protect himself from contracting COVID-19. (Compl., ECF No. 2; Am. Compl., ECF No. 14.) By Order dated October 27, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP"). (10/27/2020 Order, ECF No. 4.) For the reasons set forth below, the Court now grants Plaintiff leave to file a second amended complaint within sixty days of the date of this Order.

  Plaintiff initially sought to bring this action as a class action on behalf of himself and other VCBC detainees. (*See* Compl.; Am. Compl.) Plaintiff alleges that he and other detainees have been forced into unsafe living conditions, including by being housed in units without appropriate capacity limitations to allow for social distancing. (Compl. at 5.) Plaintiff alleges that inmates are less than 3-4 inches apart in sleeping areas and 50 inmates share toilets, sinks and showers. (*Id*.) Plaintiff alleges that certain other detainees have contracted or been exposed to COVID-19 as a

---

[1] The VCBC is a five-story jail barge, which houses detained male adults and serves as the intake facility for the Bronx. *See* Facilities Overview, https://www1.nyc.gov/site/doc/about/facilities.page.

result of these conditions. (*Id*. at 6.) Plaintiff seeks an improvement of conditions, including a reduction in housing capacity and monetary damages, as well as the release of detainees who meet certain criteria. (*Id*. at 6-7.)

Now that the Court has severed the claims of the other individuals named in the Complaint and Amended Complaint (*see* 11/9/2020 Order, ECF No. 7; 12/01/2020 Order, ECF No. 19), this action is proceeding only on behalf of Plaintiff. As such, Plaintiff must amend his pleadings to include only those allegations that he asserts on behalf of himself.

Plaintiff is advised that, to state a claim under 42 U.S.C. § 1983, he must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). If Plaintiff is a pretrial detainee,[2] his claims arise under the Due Process Clause of the Fourteenth Amendment. If he is a convicted prisoner, his claims arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Whether Plaintiff was a pretrial detainee or convicted prisoner, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

---

[2] Because Plaintiff sought to bring this action as a class action, he checked the boxes on the complaint form for pretrial detainee, convicted and sentenced prisoner, and other. (Compl. at 2.) Records maintained by the New York City Department of Correction show that Plaintiff was arrested on June 25, 2020 and has his next court appearance scheduled for January 6, 2021. *See* https://a073-ils-web.nyc.gov/inmatelookup/ils/pages/search/searchInmateList.jsf. Thus, it appears that Plaintiff is a pretrial detainee.

The objective element of a deliberate indifference claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The second element – the "subjective" or "mental" element – varies depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Because the amended complaint does not contain sufficient facts to state a claim, the Court directs Plaintiff to file a second amended complaint. Plaintiff's second amended pleading should allege whether Plaintiff is a pretrial detainee, which housing unit(s) he is or has been assigned to during the relevant time period, and the specific conditions within those units that he contends violate his constitutional rights. For example, to the extent Plaintiff asserts that Defendants failed to comply with greater capacity restrictions and/or other precautionary measures related to COVID-19, he should allege any facts suggesting that such failures constituted a substantial risk of serious harm and that Defendants were deliberately indifferent to the risk of serious harm to his safety or health. To the extent that Plaintiff names individuals as defendants, he must allege facts regarding their personal involvement in the alleged violations of his rights. Further, to the extent that Plaintiff is seeking release as a remedy, he must include individualized allegations regarding the basis for such relief.

Accordingly, Plaintiff is granted leave to amend his complaint to detail his claims. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. To the greatest extent possible, Plaintiff's amended complaint must:

- a) give the names and titles of all relevant persons;
- b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;
- c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;
- d) give the location where each relevant event occurred;

e)     describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f)     state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. **Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to the *pro se* Plaintiff and note service on the docket. Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Second Amended Complaint," and label the document with docket number 20-CV-8407 (GBD) (SDA). A Second Amended Complaint form is attached to this Order. No further summons will issue at this time.

If Plaintiff fails to comply within the time allowed, and cannot show good cause to excuse such failure, the Court will recommend that the complaint be dismissed for failure to state a claim upon which relief may be granted.[3]

**SO ORDERED.**

DATED:      New York, New York
            December 9, 2020

_____
STEWART D. AARON
United States Magistrate Judge

---

[3] The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\_\_\_\_\_CV_____

Write the full name of each plaintiff.

(Include case number if one has been assigned)

-against-

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

_____
State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____
Current Place of Detention

_____
Institutional Address

_____
County, City                              State                  Zip Code

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:
　　　First Name　　　　Last Name　　　　Shield #

　　　Current Job Title (or other identifying information)

　　　Current Work Address

　　　County, City　　　　State　　　　Zip Code

Defendant 2:
　　　First Name　　　　Last Name　　　　Shield #

　　　Current Job Title (or other identifying information)

　　　Current Work Address

　　　County, City　　　　State　　　　Zip Code

Defendant 3:
　　　First Name　　　　Last Name　　　　Shield #

　　　Current Job Title (or other identifying information)

　　　Current Work Address

　　　County, City　　　　State　　　　Zip Code

Defendant 4:
　　　First Name　　　　Last Name　　　　Shield #

　　　Current Job Title (or other identifying information)

　　　Current Work Address

　　　County, City　　　　State　　　　Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____

## VI.  RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____
_____
_____

## VII.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6