UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael J. Lee, et al.,

                               Plaintiffs,

-against-

Department of Corrections, et al.,

                               Defendants.

1:20-cv-08407 (GBD) (SDA)

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff.

**LEGAL STANDARD**

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for an indigent litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301-310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant an indigent litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Plaintiff filed a Request to Proceed *in forma pauperis* (IFP), which the Court granted. (*See* Order, ECF No. 4.) Plaintiff therefore qualifies as indigent.

In the Second Amended Complaint, Plaintiff, a pretrial detainee at the Vernon C. Bain Center ("VCBC"), asserts a claim under 42 U.S.C. § 1983, alleging that Defendants are failing to protect him from contracting COVID-19. Plaintiff alleges that Defendants are aware of the conditions at VCBC, but have not implemented appropriate capacity restrictions, distancing requirements and/or other safety measures. (SAC, ECF No. 25, at 4-6.) Plaintiff is HIV positive and

has tested positive for tuberculosis and fears for his health and safety. (SAC at 5-6.) While this case is at an early stage, the Court finds that Plaintiff's claim seems "likely to be of substance." *Hodge*, 802 F.2d 61-62.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application. In particular, Plaintiff, who is incarcerated, is limited in his ability to investigate the facts and present his case. Moreover, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Plaintiff. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, some time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of *pro se* litigants. *See* https://www.nysd.uscourts.gov/sites/default/files/pdf/ProBonoFundOrder.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

3

The Clerk of Court is respectfully requested to mail a copy of this Order to the *pro se* Plaintiff.

**SO ORDERED.**

DATED:   New York, New York
February 3, 2021

*[signature: Stewart D. Aaron]*
_____
STEWART D. AARON
United States Magistrate Judge