

**THE CITY OF NEW YORK**
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES E. JOHNSON**
*Corporation Counsel*

CAROLYN E. KRUK
Cell: (646) 939-7631
ckruk@law.nyc.gov

February 8, 2021

**By ECF**

Hon. Stewart D. Aaron
Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:     *Michael Lee v. City of New York et al.*, 20-CV-08407 (GBD)(SDA)

Dear Magistrate Judge Aaron:

I am the Assistant Corporation Counsel assigned to represent Defendants in the above referenced matter. I write in compliance with Your Honor's February 1, 2021 Order (Dkt No. 30) directing that Defendants file a letter with the Court and mail same to Plaintiff by express mail or the equivalent that sets forth (1) the requirements, if any, set forth by statute, regulation and/or executive order that are applicable to addressing COVID-19 in New York City correctional facilities and the Vernon C. Bain Center (VCBC) in particular; and (2) what legal resources, if any, are available to a pretrial detainee, such as Plaintiff, regarding habeas relief in state court.

As an initial matter, the New York State Commission of Correction (SCOC) and the New York City Board of Correction (BOC) are the oversight authorities of the facilities operated by the New York City Department of Correction (DOC). Both the SCOC and BOC promulgated and/or monitor the implementation of the minimum standards that regulate the conditions of confinement and correctional health and mental health care in DOC facilities. The minimum standards and regulations promulgated by the SCOC are available at: https://casetext.com/regulation/new-york-codes-rules-and-regulations/title-9-executive-department/subtitle-aa-state-commission-of-correction. The minimum standards promulgated by the BOC are available at: https://www1.nyc.gov/site/boc/jail-regulations/jail-regulations.page. In both cases, these minimum standards pre-date the onset of the COVID-19 pandemic.

In response to COVID-19, the SCOC released numerous Chairman's Memoranda that summarized and/or enclosed health advisories and guidance for local correctional facilities,

including those operated by DOC. The health advisories and guidance discussed in these have informed and/or guided DOC's plans and response to the COVID-19 pandemic, which I summarized in part for the Court and Plaintiff during our February 1, 2021 status call. The Memoranda, summarized below, are available online at https://scoc.ny.gov/cm2020.html and https://scoc.ny.gov/cm2021.html (last accessed Feb. 4, 2021). The Memoranda as well as their attachments are also enclosed for Plaintiff's ease of reference:

- Chairman's Memorandum 2 dated March 6, 2020 ("Memorandum 2-2020"), which directs local correctional facilities to coordinate all disease control and prevention efforts with their county/city health departments, each of which is receiving appropriate guidance and assistance of the New York State Department of Health (NYS DOH). The Memorandum identifies a DOH Coronavirus Hotline and links to online resources. Memorandum 2-2020 is attached as **Exhibit A**.

- Chairman's Memorandum 3 dated March 18, 2020 ("Memorandum 3-2020") which clarifies the scope and definition of essential staff for local correctional facilities. Memorandum 3-2020 is attached as **Exhibit B**.

- Chairman's Memorandum 4 dated March 20, 2020 ("Memorandum 4-2020") provides guidance on the supervision of individuals in general population, individuals quarantined due to responses provided during the screening process; individuals quarantined because they came into contact with an individual who is suspected of or tested positive for COVID-19; individuals who are displaying symptoms consistent with COVID-19; and individuals who tested positive for COVID-19. A copy of Memorandum 4-2020 is attached as **Exhibit C**.

- Chairman's Memorandum 5 dated April 4, 2020 ("Memorandum 5-2020") provides links to CDC guidance containing recommendations on several topics relevant to institutions, including: enhanced cleaning/disinfecting and hygiene practices; social distancing strategies; infection control, including recommended personal protective equipment (PPE) and potential alternatives during PPE shortages; screening of incoming incarcerated individuals; staff and visitors; and evaluation, quarantine and clinical care of confirmed and suspected cases of COVID-19. Memorandum 5-2020 is attached as **Exhibit D**.

- Chairman's Memorandum 6 dated April 15, 2020 ("Memorandum 6-2020") which addresses New York State Governor Andrew Cuomo's Executive Order (EO) 202.16, and confirms that pursuant to this EO, all security, health, and ancillary service staff of a local correctional facility, when in direct contact (i.e., 6 feet or less) with incarcerated individuals and/or members of the public, must be provided and wear face coverings. A copy of Memorandum 6-2020 is attached as **Exhibit E**.

- Chairman's Memorandum 7 dated April 25, 2020 ("Memorandum 7-2020") reports that the NYS DOH published a Health Advisory titled "Discontinuation of Isolation for Patients with COVID-19 Who Are Hospitalized or in Nursing Homes, Adult Care Homes, or Other Congregate Settings with Vulnerable Residents" that provides recommended criteria to be used by local correctional facility health staff when discontinuing the isolation of an incarcerated individual previously diagnosed with COVID-19. Memorandum 7-2020 is attached as **Exhibit F**.

- Chairman's Memorandum 9 dated October 28, 2020 ("Memorandum 9-2020") which attached guidance from the NYS DOH, informing operators of congregate residential facilities (including correctional and juvenile justice facilities) of required limitations on visitation for facilities located in Red and Orange zones as per the State's Executive Order No. 202.68, issued on October 9, 2020. Memorandum 9-2020 is attached as **Exhibit G**.

- Chairman's Memorandum 1 dated January 6, 2021 ("Memorandum 1-2021") reported on the NYS DOH's expansion of its vaccination prioritization and allocation framework based on guidance from CDC's Advisory Committee on Immunization Practices (ACIP). As of January 2021, all jail medical personnel are eligible to receive the vaccination, which includes clinical physicians, nurse practitioners, physician assistants, registered nurses, nurse administrators, dentists, dental assistants and hygienists, optometrists, pharmacy supervisors, pharmacists, pharmacy aides, medical lab tech, psychiatrists, psychologists and other behavioral health workers. Memorandum 1-2021 is attached as **Exhibit H**.

With respect to the requirements set forth by statute, regulation and/or executive order that apply to DOC's response to COVID-19 in particular, I identify the following Executive Orders (EO) and Local Law:

- Governor Andrew Cuomo's EO 202.16, which directs employers to provide essential workers with masks free of charge to wear when interacting with the public. It further requires that all security, health, and ancillary service staff of a local correctional facility, when in direct contact with incarcerated individuals and/or members of the public, must be provided and wear face coverings. EO 202.16 is attached as **Exhibit I**.

- Mayor de Blasio's Emergency EO 100, attached as **Exhibit J**, which suspended visitation at DOC facilities starting on March 16, 2020, and directs the Commissioner to take appropriate steps for alternative methods to facilitate communication between incarcerated initials and their counsel and family to make it clear that inmate communication continues in a different format.

- Local Law 59 of 2020 requires DOC and Correctional Health Services to issue reports during public health emergencies and post certain portions of the

report on their website. The relevant portions of these reports are available at: https://www.nychealthandhospitals.org/correctionalhealthservices/publications-reports/.

With respect to what legal resources are available to Plaintiff seeking habeas relief in state court, Plaintiff may contact the Legal Aid Society's Prisoner Rights Project at (212) 577-3300. Moreover, Plaintiff has ongoing access to Law Library services while at VCBC. In response to COVID-19 pandemic, and to minimize the spread or transmission of the virus, DOC modified the manner in which detainees access these services. Starting on March 24, 2020, inmates in DOC custody are now provided with access to Law Library services within their housing unit. To request access to Law Library services, Plaintiff should complete a Request Slip for Law Library Services which is available from his housing unit officer. A copy of the flyer posed in all housing units at VCBC that informs detainees of this modification to Law Library services is attached as **Exhibit K**. Finally, as shared with Plaintiff during the February 1, 2020 status call, Plaintiff may also contact the Law Library of Bronx County Supreme Court at (718) 618-3710 between 9:30 a.m. and 1 p.m., Monday to Friday, or the New York County Supreme Court Help Center at (646) 386-3025 between 9 a.m. and 5 p.m., Monday to Friday.

Respectfully submitted,

s/
Carolyn Kruk
Assistant Corporation Counsel

cc:    **by express mail**

Michael J. Lee
3492001663
Vernon C. Baine Center
1 Halleck St, 2BA
Bronx, NY 10474