USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/21/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

MICHAEL J. LEE,

                              Plaintiff,

-against-

CITY OF NEW YORK, CYNTHIA BRANN, in her official capacity as the Commissioner of the Department of Corrections, TANISHA MILLS, in her official capacity as Warden of the Vernon C. Bain Corrections Facility, PATRICIA "PATSY" YANG, in her official capacity as Senior Vice President for Correctional Health Services Division of NYC Health + Hospitals,

                              Defendants.

------------------------------------------------------------------- x

**STIPULATION AND PROTECTIVE ORDER RE: CONFIDENTIALITY AND DISCLOSURE**

No. 20-CV-8407 (GBD)(SDA)

        **WHEREAS** Plaintiff commenced this action alleging that the conditions of his confinement in the custody of the New York City Department of Correction (DOC) at the Vernon C. Bain Center (VCBC) violate his rights under the 14th Amendment's Due Process Clause, and that Defendants failed to reasonably accommodate his alleged disability, being his HIV+ status, in violation of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act, as alleged in Plaintiff's Third Amended Complaint filed on March 22, 2021;

        **WHEREAS** Plaintiff and Defendants (together, the "Parties"; individually, a "Party") seek or will seek discovery in this action that would require the production of documents and information that Plaintiff and/or Defendants deem confidential and/or otherwise inappropriate for public disclosure;

        **WHEREAS** the Parties anticipate that documents and information relevant to this action are in the possession of New York City Health and Hospitals Corporation (H+H) and/or

its contractors and vendors, to which a third-party subpoena or court order may be directed in the course of this litigation;

**WHEREAS** the creation and/or dissemination of images, and other documents or materials depicting DOC facilities or features within those facilities may result in safety and security concerns and/or breaches at such locations;

**WHEREAS** this Stipulation and Protective Order is intended to allow the producing party to designate documents and information as confidential that are not otherwise protected, and to limit the use and re-disclosure of those documents or that information;

**WHEREAS** the Parties intend to execute a proposed stipulation and order concerning a clawback agreement setting forth the procedures to be used for the return of documents and information mistakenly or inadvertently produced in this action; and

**WHEREAS** good cause exists for the entry of an order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for Plaintiff and Defendants, as follows:

1. As used herein, "Confidential Material(s)" shall mean the following documents, or any and all information contained within those documents:

    a. Personally identifying information including but not limited to contact information, family history, social security numbers, banking, credit, and other financial information, and other similar types of information;

    b. Photographs, print images, computer-generated likenesses, drawings, sketches or other visual depictions of any kind whatsoever related to DOC facilities, including VCBC;

c. Any DOC document or information that implicates security concerns or is otherwise sensitive, non-public information concerning DOC facilities or operations;

d. Information contained in Plaintiff's DOC inmate file related to any mental health diagnosis or treatment, and/or any substance abuse diagnosis or treatment;

e. Medical records of any agent, employee, assign, contractor, and/or designee of:

   i. the City of New York and/or its departments, agencies, or agents; and/or

   ii. H+H and/or its divisions, contractors, vendors, or agents;

f. Medical information contained in Plaintiff's file maintained by:

   i. the City of New York and/or its departments, agencies, or agents; and/or

   ii. H+H and/or its divisions, contractors, vendors, or agents;

g. Medical information contained in any file of any agent, employee, assign, contractor, and/or designee of:

   i. the City of New York and/or of its departments, agencies, or agents; and/or

   ii. H+H and/or its divisions, contractors, vendors, or agents;

h. Personnel/employment files of any agent, employee, assign, contractor, and/or designee of:

   i. the City of New York and/or its departments, agencies, or agents; and/or

          ii.  H+H and/or its divisions, contractors, vendors, or agents; and

          i.  Any other documents or information that the Parties' counsel agree, in writing, to be confidential.

*Designation of Confidential Materials*

2.    Any Party required to produce documents (the "producing Party") may designate documents that it produces or discloses in this action, or information contained within those documents, as "Confidential Materials" by writing or stamping "CONFIDENTIAL" on top of the first page of each set of documents containing such information that it sends to the receiving Party. It shall not be necessary for any producing Party to mark individual pages of documents as "CONFIDENTIAL" as long as the producing Party produces such documents with a list of the Bates number range(s) designated as Confidential Materials.

3.    No document or information shall be deemed "Confidential Materials" to the extent that it is (i) properly obtained by the receiving Party from a source other than the producing Party; or (ii) otherwise publicly available.

*Inadvertent Disclosure of Confidential Materials*

4.    The inadvertent production of Confidential Materials without appropriate designation of confidentiality shall not be deemed a waiver of any claim of their status as Confidential Materials. Upon receiving reasonable notice from the producing Party that Confidential Materials have not been appropriately designated, all such information shall be re-designated promptly as Confidential Materials and treated accordingly.

*Use of Confidential Materials*

5.    All Confidential Materials obtained in this litigation shall be used by a receiving Party, or any attorney retained by a receiving Party, solely for the prosecution or

defense of the claims and affirmative defenses in this litigation, and shall not be used by the receiving Party in any other legal action, administrative proceeding, or arbitration, or for any business, commercial, competitive, personal, publicity, media, or other purpose.

6. Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material may be disclosed only to:

 a. counsel representing the Parties, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the preparation, litigation or defense of this action;

 b. Plaintiff, as long as the Confidential Material disclosed to him is limited to his own Confidential Material;

 c. the officers or employees of Defendants (and/or H+H, in addition to its divisions, contractors, vendors, or agents) who are either required or requested by counsel to assist in the preparation, litigation, or defense of this action;

 d. the Parties' experts and consultants, as necessary for the preparation, litigation, or defense of this action in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

 e. any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed

      knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

  f. any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Stipulation and Protective Order;

  g. court reporters, as necessary for the conduct of this litigation; and

  h. the Court, pursuant to the provisions of Paragraph 10 of this Stipulation and Protective Order.

7. As used herein, disclosure of Confidential Materials by a receiving Party includes the written or oral transmission of the document or information designated as Confidential Material.

8. Any Party in possession of Confidential Materials shall disclose such material, including the information contained therein, to a person identified in sub-paragraphs 6(c), 6(d), and/or 6(e) of this Stipulation and Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge such information to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. The Party in possession of Confidential Material must retain each signed Non-Disclosure Agreement, hold it in escrow, and provide it to the producing Party either before such person is permitted to testify (at deposition or trial), or at the conclusion of the case, whichever comes first.

9. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript that includes such testimony, together with any exhibits consisting of Confidential Materials, shall be prominently

marked "CONFIDENTIAL." This transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

11. 10. If any paper that incorporates any Confidential Information or reveals the contents of Confidential Information is filed with the Court, the party submitting those papers shall seek the Court's permission to file those papers or portions of papers under seal in accordance with the rules of the United States District Court for the Southern District of New York and the individual rules of the judge to whom the papers are directed.

11. A receiving Party who believes that a producing Party has designated information "Confidential" that is not entitled to such protection may write a letter to the producing Party asking that the Confidential Materials designation be removed or modified and explaining the reason(s) why the receiving Party does not believe that the information is entitled to the designated protection. The producing Party shall have a reasonable time under the circumstances in which to respond to the receiving Party either by removing or modifying the confidentiality designation or by providing the reason(s) why the producing Party believes that the confidentiality designation is proper. If the producing Party does not respond or refuses to remove or modify the confidentiality designation, the receiving Party may seek relief from the Court.

12. Except as provided herein, nothing in this Stipulation and Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt Confidential Material from disclosure.

*Miscellaneous Provisions*

13. This Stipulation and Protective Order shall be without prejudice to the

right of any Party to oppose production of any document or information on any and all grounds other than confidentiality.

14. Within 30 days after the termination of this case, including any appeals, any Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be returned to counsel for the producing Party or, upon the written consent of the producing Party's counsel, shall be destroyed, except that counsel for the Parties may each retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Materials, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order". All receiving Parties or persons who have possessed Confidential Materials shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for the producing Party.

15. Nothing in this Stipulation and Protective Order shall be construed to limit or expand any producing Party's authority to use the Confidential Materials that it produces in any manner.

16. The Parties reserve the right to seek modification of this Stipulation and Protective Order by application to the Court for good cause shown.

17. This Stipulation and Protective Order may be signed in counterparts, which taken together shall be construed as a single document.

18. Emailed or faxed copies of signatures of this Stipulation and Protective Order shall have the same force and effect as original signatures.

19. At the trial of this action, or at any hearing relating to this action, before

any judicial officer, subject to paragraph 10 above, the Rules of Evidence, and any order of the Court, a Party may use Confidential Materials for any purpose, provided that a minimum of seven days' notice is given to Counsel for the opposing Party to obtain appropriate protection from the Court.

Dated:    April 19, 2021
          New York, New York

| | |
|---|---|
| Ivory L. Bishop, Jr.<br>BAKER & HOSTETLER LLP<br>Attorney for Plaintiff Michael Lee<br>45 Rockefeller Plaza<br>14th Floor<br>New York, NY 10111<br>phone (212) 589-4200<br>fax (212) 589-4201<br>ibishop@bakerlaw.com | JAMES E. JOHNSON<br>Corporation Counsel of the City of New York<br>Attorney for the City of New York, Commissioner Cynthia Brann, Warden Tanisha Mills, and Patricia Yang<br>100 Church Street<br>New York, NY 10007<br>cell (646) 939-7631<br>office (212) 356-0893<br>fax (212) 356-1148<br>ckruk@law.nyc.gov |
| By: ____s/_____<br>       Ivory L. Bishop, Jr. | By: ___s/_____<br>       Carolyn Kruk |

SO ORDERED this 21st day of April 2021:

_____ /s/ _____
STEWART D. AARON
United States Magistrate Judge

**EXHIBIT A**

I, _____, the undersigned, hereby acknowledge that I have read the Confidentiality Stipulation and Protective Order (the "Order") entered in the United States District Court for the Southern District of New York dated April 19, 2021, in the consolidated action entitled <u>Michael Lee v. City of New York et al.</u>, No. 20-CV-8407 (GBD)(SDA), and understand the terms thereof. I agree not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Materials except in testimony taken in this case. I understand that Confidential Materials and any copies, notes, or other records that I make regarding Confidential Material shall not be used or disclosed to others, except in conformity with the Order, and that I may be held in contempt of court if I violate the terms of this Order.

Dated: _____  _____
Signature

_____
Name (Printed)

_____
Occupation