

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | CAROLYN KRUK<br>Cell: (646) 939-7631<br>Office: (212) 356-0893<br>Fax: (212) 356-8760<br>ckruk@law.nyc.gov |
|---|---|---|

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/10/2021

May 7, 2021

**BY ECF**
Hon. Stewart D. Aaron
Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Application GRANTED for the reasons set forth herein.
SO ORDERED.
Dated: May 10, 2021

*[signature]*

Re: *Michael Lee v. City of New York et al.*, 20-CV-08407 (GBD)(SDA)

Dear Magistrate Aaron:

      I am the Assistant Corporation Counsel assigned to represent the City of New York, New York City Department of Correction Commissioner Cynthia Braun, Warden Tanisha Mills, and Health + Hospitals/Correctional Health Services' Senior Vice President Patsy Yang, (together, the "Defendants") in the above-referenced matter. I write to respectfully request the Court's permission to redact select paragraphs of Defendants' Answer to the Third Amended Complaint (the "Complaint"). In particular, Defendants request permission to redact their answers to paragraphs 6, 7, 63, 65, 83, 118, 134, 136, and 143, which detail Plaintiff's alleged HIV diagnosis, the severity of his condition, recent test results and treatment.

      Defendants are cognizant that New York State Public Health Law § 2782, which governs the confidentiality of HIV related information, provides that any individual who obtains HIV related information in the course of providing health or social services may not disclose that information except under specifically enumerated circumstances. Defendants respectfully submit that Public Health Law § 2782 and Plaintiff's privacy interest in his medical diagnosis and details concerning his current condition and treatment outweigh the presumption of public access to Defendants' answers to the allegations in these paragraphs. Therefore, Defendants believe that this information is appropriately filed under seal pursuant to *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (Countervailing factors weighing in favor of sealing include, *inter alia*, the privacy interests of those resisting disclosure). *See also Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994) (recognizing right of privacy shielding information that a person is infected with HIV because "there are few matters that are quite so personal as the status of one's health" and, in particular, "[a]n individual revealing that she is HIV seropositive potentially exposes herself not to understanding or compassion but to discrimination and intolerance.").

Accordingly, Defendants submit that the *Lugosch* standard is met as considerations of New York State Public Health Law and Plaintiff's privacy interests overcome the presumption of access to Defendants' responses to the allegations in these paragraphs. *Lugosch*, 435 F.3d at 121 (countervailing factors include, among others, the privacy interests of those resisting disclosure). As such, Defendants respectfully request permission to file their answers to paragraphs 6, 7, 63, 65, 83, 118, 134, 136, and 143 of the Complaint under seal (i.e., in redacted form).

Plaintiff's counsel consents to this request.

Thank you for your consideration of this request.

Respectfully submitted,

s/
Carolyn Kruk

cc. Plaintiff's counsel (by ECF)